IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ANGELA NYSTROM,                        )
                                       )
                Plaintiff,             )
                                       )
                                       )  Case No. CIV-20-469-KEW
                                       )
COMMISSIONER OF THE SOCIAL             )
SECURITY ADMINISTRATION,               )
                                       )
                Defendant.             )

## OPINION AND ORDER

Plaintiff Angela Nystrom (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that she was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 51 years old at the time of the ALJ's decision. She completed a GED and worked in the past as a certified nurse assistant. Claimant alleges an inability to work beginning on September 8, 2018, due to limitations resulting from autoimmune disease (psoriasis), seizures, stroke and blood clot in spleen, type II diabetes, swelling in the lower extremities, osteoporosis, rheumatoid arthritis, anxiety, and obesity.

## Procedural History

On August 14, 2018, Claimant filed an application for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq*.) of the Social Security Act. Her application was denied initially and upon reconsideration. On April 10, 2020,

ALJ Thomas Cheffins conducted an administrative hearing by telephone from Little Rock, Arkansas. Claimant participated by telephone from Pocola, Oklahoma. On May 6, 2020, ALJ Cheffins entered an unfavorable decision. Claimant requested review by the Appeals Council, and on October 9, 2020, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with additional limitations.

### Errors Alleged for Review

Claimant asserts the ALJ erred by failing to properly evaluate the medical opinion of consulting psychologist, Theresa Horton, Ph.D.

### Medical Opinion Evidence

In his decision, the ALJ found Claimant suffered from severe impairments of adjustment disorder, mild cognitive impairment, anxiety, mood disorder, diabetes mellitus type 2, osteoarthritis, psoriasis, s/p cerebrovascular accident in January 2017, morbid obesity, seizure disorder, and rheumatoid arthritis. (Tr. 17). He

determined Claimant could perform light work with additional limitations, including no climbing of ladders, ropes and scaffolds; occasionally climbing ramps and stairs; and occasionally stooping, crouching, kneeling, and crawling. He included environmental limitations that Claimant "should avoid all exposure to sharp objects such as tools and knives, all unprotected heights, open bodies of water, open flames, and all use of hazardous machinery[.]" Claimant's mental limitations included that she could make simple work related decisions, could maintain concentration and persistence for two hours at a time for simple tasks, could understand, carry out, and remember simple work instructions and procedures, and could adapt to changes in the work setting that were "simple, predictable, and easily explained[.]" Her supervision would need to be "simple, direct, and concrete[.]" Claimant could have "occasional and superficial interaction with coworkers, supervisors, and the public." (Tr. 21).

After consultation with the vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of housekeeping cleaner and produce sorter, both of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 29). As a result, the ALJ concluded Claimant had not been under a disability since August 14, 2018, the date the application was filed. (Tr. 30).

5

Claimant contends the ALJ failed to properly evaluate the opinion from consulting psychologist, Dr. Horton. She contends that although the ALJ found Dr. Horton's opinion to be "somewhat persuasive," he failed to explain why he did not include limitations in the RFC assessment associated with Dr. Horton's opinions that Claimant's "pace is somewhat slow and may affect her level of productivity," and that "the claimant likely does not adjust as well in areas that are fast paced and/or densely populated."

The medical opinion evidence in this case is subject to evaluation pursuant to 20 C.F.R. § 416.920c. Under the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. § 416.920c(a). Instead, he must "articulate" in his decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors. 20 C.F.R. § 416.920c(b); 20 C.F.R. § 416.920c(c). The most important factors are supportability and consistency, and the ALJ must explain how both were considered. *See* 20 C.F.R. § 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and

6

consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. § 416.920c(b)(3).

"[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (citation omitted). The ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004), citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984).

The ALJ specifically discussed Dr. Horton's consultative psychological examination of Claimant from June 20, 2017. Claimant reported that other than suffering from a stroke, she had "minimal mental health problems." She reported she had not been "cognitively sharp" since suffering her stroke in January of 2017. Claimant attended counseling, but she did not take any psychiatric medications. Upon mental status examination, Claimant was casually dressed and appropriately groomed, but her appearance was described as "fairly disheveled." She was friendly and cooperative, communicated effectively in the setting, appeared socially appropriate and comfortable, and "though somewhat odd[,]"

she appeared "calm and euthymic." Claimant's mood was described as "intermittently anxious and depressed," judgment was appropriate and insight was fair, and her MoCA score of 23 was indicative of mild cognitive impairment. Dr. Horton assessed Claimant with mild cognitive impairment and unspecified mood disorder with anxious and depressed features. (Tr. 24-25, 393-98). As a prognosis, Dr. Horton stated:

> [Claimant] appears capable of understanding, remembering and managing mostly simple and somewhat more complex instructions and tasks, though her pace is somewhat slow and may affect her level of productivity. She likely does not adjust as well in areas that are fast paced and/or densely populated.

(Tr. 27, 393-98).

In evaluating Dr. Horton's opinion, the ALJ made the following determination:

> Dr. Horton opined that the claimant appears capable of understanding, remembering, and managing mostly simple and somewhat more complex instructions and tasks, though her pace is somewhat slow and may affect her level of productivity. Dr. Horton further opined that the claimant likely does not adjust as well in areas that are fast paced and/or densely populated (Ex. B4F). I find this opinion to be somewhat persuasive to the extent it is consistent with the residual functional capacity above. I note that the opinion was rendered prior to the period at issue. Nevertheless, the opinion is generally supported by Dr. Horton's examination findings, as discussed in detail above. Moreover, the opinion is generally consistent with the record as a whole, including with the claimant's complaints of difficulty remembering and concentrating, but with findings that her memory was normal and that her concentration was good. (Ex. B11E, B12F, B23F, and B26F).

(Tr. 27).

8

The Court finds no error in the ALJ's evaluation of Dr. Horton's opinion. The ALJ discussed Dr. Horton's opinion and included limitations in the RFC consistent with her findings. He also considered the opinions of the state agency psychologists, who specifically considered Dr. Horton's examination of Claimant, when determining her mental functional limitations. (Tr. 27-28, 105-07, 111-13, 122-24, 128-30). The ALJ limited Claimant to simple work decisions, maintaining concentration and persistence for two hours at a time for simple tasks, understanding, carrying out, and remembering simple work instructions and procedures, and adapting to simple, predictable, and easily explained changes in the work setting. Related to her social interaction, the ALJ determined Claimant's supervision needed to be "simple, direct, and concrete" and that she could have occasional and superficial interaction with co-workers and supervisors and the public. (Tr. 21, 24-25, 27-28).[2]

---

[2] To the extent the ALJ did not completely account for Dr. Horton's statements, he was not required to because they merely indicate that Claimant could potentially have some difficulties but lack the certainty necessary to require that the ALJ include related functional limitations in the RFC. *See, e.g., Paulsen v. Colvin*, 665 Fed. Appx. 660, 666 (10th Cir. 2016) ("But Dr. Valette did not assign any functional limitations to Ms. Paulsen other than to mention that Ms. Paulsen '*probably* has difficulty with concentration and remembering because of attention problems.' Accordingly, the ALJ was not required to consider Dr. Valette's opinion in formulating Ms. Paulsen's RFC.") (emphasis in original).

Further, Claimant asserts the ALJ's hypothetical to the VE was incomplete because it failed to include all of Claimant's mental limitations. This Court has determined that the ALJ's consideration of Claimant's mental limitations was appropriate. The ALJ was not required to adopt a hypothetical question posed to the VE that did not include all the limitations he ultimately included in the RFC. See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (finding that in positing a hypothetical question to the VE, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ). The ALJ's questioning of the VE accurately reflected the RFC. See *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding an ALJ's hypothetical questioning of the VE provided an appropriate basis for a denial of benefits because the question "included all the limitations the ALJ ultimately included in his RFC assessment.") (citation omitted).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED.**

IT IS SO ORDERED this 27th day of September, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE